. C. B. BACON *v.* LEVI and JACKSON RED.

Where a judgment was rendered against a party and a forthcoming bond forfeited thereon in 1842, which judgment was sold for the cost of suit in 1845, and an execution issued thereon within a year after the sale:—*Held,* that it not appearing that an execution was issued on said judgment within a year and a day from the rendition of the judgment, any execution issuing after that time, without said judgment being revived by *scire facias,* would be properly quashed, on motion.

IN error from the circuit court of Kemper county; Hon. John Watts, judge.

The bill of exceptions shows that an execution was issued in the name of Bacon on the 22d of January, 1853, against the defendants upon a judgment which said Bacon had in 1845 purchased for cost of this suit against defendants; and it appeared that a judgment upon a forthcoming bond given and forfeited on the 24th of October, 1842, had been rendered in the case.

The defendants in the execution moved the court to quash the execution, which was done; and Bacon prayed a writ of error to this court.

*Baldwin* for the motion.

No counsel, *contra.*

Mr. Justice FISHER delivered the opinion of the court.

This was a motion in the circuit court of Kemper county, to quash an execution on a judgment on a forthcoming bond, forfeited on the 24th of October, 1842, on the ground that the

judgment was barred by the eighth section of the statute of 1844. Hutch. Co. 830.

The court sustained the motion, and the plaintiff took his bill of exceptions, which presents the following facts: after stating the date of the judgment, it is stated that it was sold for costs on the 6th of October, 1845, when the plaintiff became the purchaser thereof. Immediately after comes the following statement, "It also appeared in evidence that the execution was issued thereon, within one year next thereafter." The words "next thereafter," refer to the last date, which is the 6th of October, 1845, the date of the sale for costs. It does not, therefore, appear that an execution was issued within a year after the rendition of the judgment; and hence nothing appears to relieve the plaintiff from the necessity of reviving the judgment by *scire facias* or action of debt. If such execution had issued and been returned *nulla bona* or otherwise, indicating an inability on the part of the defendant to pay the judgment, then the presumption of satisfaction, arising from the failure to issue execution within a year and a day after such execution, would be rebutted, because the return of *nulla bona* would afford evidence of both diligence to collect the debt on the part of the plaintiff, and an inability to pay on the part of the defendant. But no such presumption exists, when the first execution is not issued, till more than a year and a day after the rendition of the judgment.

If, then, we are correct in our construction of the language in the bill of exceptions, that the first execution issued within a year after the sale for costs, and not within a year after the judgment, the judgment of the court below is correct.

Judgment affirmed.